ROBERT LINDGREN v. CITY OF CRYSTAL AND ANOTHER.

204 N. W. 2d 444.

February 9, 1973—No. 43649.

*Weaver, Talle & Herrick* and *James D. Gibbs,* for appellant.
*Dabe J. Shama,* City Attorney, for respondents.

PER CURIAM.

This is an appeal from a judgment of the District Court of Hennepin County affirming the decision of the Civil Service Commission of the city of Crystal, Minnesota, discharging relator, Robert Lindgren. Relator had been employed by the city of Crystal as a police officer for 14 years, attaining the rank of lieutenant.

On January 27, 1970, in the company of another officer who was similarly charged, he spent the day with an informant endeavoring to ascertain facts concerning burglaries in the Crystal area. It is an accepted practice for police officers while interviewing informants to meet in bars and to eat and drink with them. Each officer had consumed intoxicating liquor with the informant during the day. A meeting with the informant was scheduled later the same evening at a supper club in the Crystal area, but the informant did not appear. While awaiting the arrival of the informant, the officers consumed more liquor.

The charges against relator were precipitated by his unprofessional conduct while undertaking to act as a police officer at the club. A patron had complained to relator that minors were in the club, a complaint which proved to be inaccurate. Relator summoned Crystal police officers to the club and, upon their arrival, assumed leadership in conducting a check of the patrons. The commission found that relator conducted himself in a manner unbecoming an officer, that he was drunk in a public place while purporting to act as a police officer, that he unlawfully harassed and interfered with private persons in the club

and with the management of the private establishment conducting a lawful business, and that his conduct was such as to bring ridicule and disgrace on the government of the city of Crystal and its Police Department. Prior to these events, relator's record was clear of any major infractions.

Upon these findings the commission ordered relator dismissed from his employment with the city of Crystal. Upon appeal to the District Court of Hennepin County, the court found that the evidence reasonably supported the findings of the commission and affirmed its order dismissing relator from his employment.

The discharge of a municipal employee is an administrative function, and the scope of judicial review is limited. An appellate court is justified in interfering with an administrative agency's decision only where it appears that the agency has not kept within its jurisdiction; that it has proceeded upon an erroneous theory of law; or that its actions are arbitrary and unreasonable or not supported by substantial evidence on the record as a whole. Gibson v. Civil Service Board, 285 Minn. 123, 171 N. W. 2d 712 (1969); State ex rel. Jenson v. Civil Service Comm. 268 Minn. 536, 130 N. W. 2d 143 (1964), certiorari denied, 380 U. S. 943, 85 S. Ct. 1023, 13 L. ed. 2d 962 (1965); State ex rel. McCarthy v. Civil Service Comm..277 Minn. 358, 152 N. W. 2d 462 (1967).

Relator now questions only the fairness and impartiality of the hearing, not the evidentiary support for the adverse findings. His assertions that the hearing was not fairly and impartially conducted are without support in the record.

Affirmed.