LLOYD AMUNDSEN v. CITY OF MINNEAPOLIS AND OTHERS.

218 N. W. 2d 690.

May 24, 1974—No. 44262.

*Hvass, Weisman & King* and *Gary C. Hoffman,* for appellant.
*Keith M. Stidd,* City Attorney, and *Jerome F. Fitzgerald,* Assistant City Attorney, for respondents.

Per Curiam.

This is an appeal from a judgment for defendants and from an order denying plaintiff's motion for a new trial. We affirm.

The only issue is whether the civil service examination administered to plaintiff for the position of supervisor of fleet and safety services for the city of Minneapolis fairly tested his relative fitness for the job.

Plaintiff worked for many years for the city of Minneapolis as a construction equipment operator. In 1965, the superintendent of equipment selected plaintiff to work with problems of equipment failure and breakdowns. In this capacity he was to inspect and examine all equipment in order to prevent equipment failure and accidents. In 1970, standards were formulated for the new responsibilities being performed by plaintiff, and the Civil Service Commission for the city of Minneapolis established the classification of supervisor of fleet and safety services for this position. Pending the selection of a person to permanently occupy the new position, plaintiff temporarily continued in that capacity.

An examination to be used in the selection of the supervisor of fleet and safety services was prepared by an employee of the Minneapolis Civil Service Personnel Department. The questions were based on a classification study and a study conducted by a staff member which categorized the responsibilities of the new position into five basic areas. Each applicant's score was determined by an interview with the examiners in which the prepared questions were asked. Plaintiff did not attain a passing score of 70 percent.

Plaintiff protested the results of the examination to the Civil Service Commission and was granted a hearing before the commission. At the close of the hearing, the commission directed its staff to review the examination with regard to whether it had been fairly administered and "whether or not the examination questions were adequate in scope and content to measure the applicant's ability to perform his job as supervisor." The commission subsequently adopted the staff report which was prepared after a review of the tape recordings made during each applicant's interview. The report recommended a denial of plaintiff's appeal because it was determined that each applicant was treated fairly, was asked the same questions on the same subject matter, and was given the same amount of time to respond. The report also found that the questions asked were valid and appropriate to the position.

The trial court considered the requirements for competitive examinations set forth in the rules of the Minneapolis Civil Service Commission and determined that it was not possible, as a matter of law, to hold the test invalid based upon the nature of the questions asked. In con-

sidering all of the evidence, the court found that plaintiff failed to establish that the examination was not fair and impartial or that it did not test the relative qualification and fitness of the applicant for the job.

Rule 52.01, Rules of Civil Procedure, provides that findings of fact by the trial court shall not be set aside on appeal "unless clearly erroneous." With this in mind, we have said that factual findings may be reversed only if, on viewing the entire evidence, we are left with the firm conviction that a mistake has been made. State, by Head, v. Paulson, 290 Minn. 371, 188 N. W. 2d 424 (1971).

In viewing the entire record in the present case, we are of the opinion that the trial court's findings were not clearly erroneous. The reversal of the findings of an administrative agency requires the determination that its action was either fraudulent, arbitrary, unreasonable, or not within its jurisdiction. Lindgren v. City of Crystal, 295 Minn. 557, 204 N. W. 2d 444 (1973); Krakowski v. City of St. Cloud, 257 Minn. 415, 101 N. W. 2d 820 (1960). The trial court did not make such a determination, and we agree with its decision.

Affirmed.