**John SKRAMSTAD, Appellant,**

v.

**OTTER TAIL COUNTY, et al.,**
**Respondents.**

No. C2–87–833.

Court of Appeals of Minnesota.

Dec. 22, 1987.

Michael T. Ranglen, Richard C. Hefte, Rufer & Hefte, Fergus Falls, for appellant.

Michael L. Kirk, Co. Atty., Waldemar B. Senyk, Asst. Co. Atty., Fergus Falls, for respondents.

Heard, considered and decided by FORSBERG, P.J. and WOZNIAK and STONE *, JJ.

**OPINION**

FORSBERG, Judge.

Appellant John Skramstad brought this action against respondents Otter Tail Coun-

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. 6, § 2.

ty (County) and the individual members of its Board of Commissioners (Board) in 1984, alleging breach of an employment contract. His complaint sought severance pay in the amount of $8,695.18, attorney fees, costs, and punitive damages.[1]

This appeal is from the judgment entered for the County and its commissioners on all issues.

## FACTS

The County first implemented a written Personnel Policy (Policy) in the mid 1970's. The Policy is administered by a Personnel Committee (Committee) comprised of the county attorney and four department heads who are elected by the county employees. One of the Committee's duties is to review the terms of the Policy and report suggested changes to the Board for approval, denial, or compromise.

In 1981, the Committee reviewed the 1978 edition of the Policy and proposed the addition of Article X, Section L which provided:

> Upon retirement from employment or termination in good standing, the unused accumulated sick leave shall be granted as severance pay to the employee, or may be used under retirement, see INSURANCE, Section D, but in any event, not to exceed the maximum allowed by law.[2]

Glen Melby, who was chairperson of the Committee in 1981, testified that the Committee was informed by the county attorney that Article X, Section L could not be implemented unless a plan for full funding was first established, as required by Minn. Stat. § 465.721 (1980). Melby therefore did not expect the Board to approve the provision without some discussion and changes.

To his surprise, the Board failed to specifically discuss proposed Article X, Section L at its June 10, 1981 meeting and "accepted" the Committee's proposed revisions with few changes. Two commissioners testified that they were not aware that the proposed revisions included a provision for cash payment of accumulated sick leave upon retirement.

When the Board later became aware of the existence of Article X, Section L, it requested that the Committee suggest alternatives. Subsequent Committee minutes indicate:

> A short discussion was held on the proposed change in unused sick leave. Three proposals will be submitted for consideration. The County Board has accepted and signed the policy but County Attorney * * * advised that unless a funding is provided for the unused sick leave no benefits will be paid and this could be just left hanging indefinitely.

> The three proposals will be as follows:
> (1) Pay 75% of unused sick leave in continued medical insurance coverage on retirement.
> (2) Pay 50% of unused sick leave in cash payment after 5 years employment.
> (3) Pay 75% medical insurance on retirement or 50% cash after ten years employment.

Minutes from the Board's August 12, 1981 meeting indicate that proposal number 1 was accepted:

> The matter of payment of sick leave on termination came before the board for final action. Motion was made * * * to grant payment of 75 percent of accumulated sick leave towards medical coverage upon retirement * * *. The motion was * * * carried * * *.

About one year later, the Committee requested that the Board give notice as required by the Policy and incorporate its August 12, 1981 motion into the Policy. Minutes from the next Board meeting state that it passed a motion "to amend the personnel policy and delete Article X Section L relative to severance pay for unused sick leave, incorporating the motion of Au-

---

**1.** At oral argument, Skramstad's attorney admitted that the individual commissioners were named as defendants only in connection with the claim for punitive damages.

**2.** Section D on insurance, which was not a new provision and had been part of the Policy for some time, allowed a retiring employee to use 75 percent of accumulated sick leave towards payment of medical insurance premiums.

gust 12, 1981 into the personnel policy." The minutes were published in the Fergus Falls Daily Journal according to normal practice.

Skramstad was employed by the County as a deputy assessor from April 10, 1970 until his retirement on September 30, 1984. Prior to his retirement, he referred to a copy of the 1981 Policy which contained Article X, Section L. Based on that provision, he submitted a claim for 118 days of accumulated sick leave. This action was commenced following denial of his request by the County.

Following trial, the court made a number of findings and reached the following conclusions:

1. That a binding unilateral contract for employment between [the County] and [Skramstad] was not formed by the [Policy].

2. That the June 10, 1981 version of Article X, Section L of the [Policy] was never funded as required by Minnesota Statutes 465.721 and therefore could not be implemented.

3. That the [Board] revoked the 1981 revised version of Article X, Section L by its action of August 12, 1981 as confirmed by its actions of September 21, 1982 * * *.

4. That the ongoing negotiations between the [Board] and [Committee] satisfy the notice requirements found in the [Policy].

5. That [Skramstad] is not entitled to payment of his accumulated sick leave as severance pay.

## ISSUES

1. Did the trial court err in concluding that the Policy did not constitute a unilateral contract of employment?

2. Did the trial court err in concluding that even if a contract existed, the provision under which Skramstad claimed benefits was not part of that contract?

## ANALYSIS

### I.

In cases tried by a court, "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Minn.R. Civ.P. 52.01. On review, a trial court's decision may be overturned only if this court is left with a definite and firm conviction that a mistake has been made. *Minnesota Public Interest Research Group v. White Bear Rod & Gun Club*, 257 N.W.2d 762, 782 (Minn.1977).

■ The threshold issue in this case is whether the 1981 Policy constitutes an enforceable unilateral contract under *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983). *Pine River* involved a former bank employee's claim that his discharge was contrary to the terms of a personnel handbook which had been distributed to him. In addition to requiring that there be a definite offer, the supreme court required that that offer be "communicated by dissemination of the handbook to the employee." *Id.* at 626 (footnote omitted).

■ In this case, the trial court did not clearly err in finding that the Policy language provided for distribution only to department heads and not to individual employees. Nor was it clearly erroneous to find that Skramstad failed to present any evidence that the Policy was ever provided to him "as part of an offer of terms and conditions of employment." Skramstad's testimony merely shows that he received a copy of the 1981 Policy for his personal use; he failed to elaborate on the circumstances surrounding distribution of the Policy.

The result reached in this case is further supported by *Tobias v. Montgomery Ward & Co.*, 362 N.W.2d 380 (Minn.Ct.App.1985). In *Tobias*, management employees sought to recover overtime meal allowances as provided in a personnel manual. Two of those employees had copies of the personnel manual entrusted to them for use in their jobs as personnel managers. Citing cases from other jurisdictions requiring more than employee access to a manual before finding communication of an offer, this court held that the provisions of the manual were not

communicated to the employees and did not become part of an employment contract. *Id.* at 382. Similarly, we do not believe that Skramstad's access to the Policy constitutes communication of an offer by the County.

## II.

■ Even assuming existence of a valid unilateral contract, the facts establish that Article X, Section L was not part of that contract because it was effectively deleted by the Board. Skramstad insists that the Board's attempts to delete the provision during 1981 and 1982 were unsuccessful because the Board failed to follow the following notice provision of the Policy:

> This policy shall become effective upon adoption by the Otter Tail County Board of Commissioners and shall continue in effect from year to year thereafter unless either the Commissioners or the employees, through their Personnel committee, shall give written notice of a desire to meet to negotiate amendments or the termination of this agreement. Said notice shall be given 90 days prior to December 31 of any year in which this policy is in effect. Any amendments or termination of the agreement shall be effective commencing January 1 thereafter.

Skramstad fails to realize that if the August 12, 1981 action of the Board in deleting the provision is held invalid due to failure of notice, then the actions of the Board in accepting the provision in June 1981 must be held invalid for the same reason.

Skramstad also fails to acknowledge that under the above notice provision, amendments are not effective until January 1 of the following year. The actions of the Committee and the Board during the summer of 1981 were therefore interpreted by the trial court in this case as ongoing negotiations not effective until January 1, 1982. Similarly, the Board's action in 1982 repeating the 1981 deletion of Article X, Section L became effective January 1, 1983. Thus, Article X, Section L was no longer part of the Policy at the time Skramstad retired.

## DECISION

Skramstad is not entitled to recover severance pay for accumulated sick leave. Judgment for the County and its commissioners is affirmed.