**Charlotte E. DIETZ, Appellant,**

v.

**DODGE COUNTY, et al., Respondents.**

**No. C9–91–73.**

Court of Appeals of Minnesota.

Aug. 6, 1991.

Review Granted Sept. 17, 1991.

Charles F. Angel, O'Brien, Ehrick, Wolf, Deaner & Maus, Rochester, for appellant.

Thomas P. Kelly, Kathleen A. Needham, Brown & Bins, Rochester, for respondents.

Considered and decided by KALITOWSKI, P.J., and KLAPHAKE and AMUNDSON, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Charlotte Dietz challenges the trial court's dismissal of her wrongful termination claim as a result of her failure to obtain judicial review by a writ of certiorari. Respondents Dodge County, et al. filed a notice of review, arguing the denial of their motion for summary judgment should be reversed. We reverse the dismissal, affirm the denial of summary judgment and remand.

## FACTS

In 1979, appellant Charlotte Dietz, a licensed nursing home administrator, applied for the position of administrator of the Dodge County Fairview Nursing Home (Fairview). Fairview is owned and operated by Dodge County, and governed by the Dodge County Nursing Home Board (Board) and the bylaws which it adopts. The bylaws state that the Board shall be comprised of the five Dodge County commissioners.

After interviewing appellant and checking her references, the Board sent her a letter on November 8, 1979, accepting her application for the administrator position. The letter stated:

We are writing to confirm our acceptance of your application with Fairview Nursing Home for the position of Administrator. * * * Enclosed is a copy of the Nursing Home Personnel Policies which explains in detail vacation, sick leave, and other benefits.

The Nursing Home Personnel Policies cover "[a]ll employees of the Fairview Nursing Home." The policies state that the administrator is responsible for "acting as liaison between the Fairview Nursing Home employees and the Fairview Nursing Home Board of Directors." The policies

set forth a progressive grievance procedure for employees, step three of which involves referring grievances to the administrator. In response to respondents' request for admissions during discovery, appellant stated twice that she

> [a]dmit[s] that * * * the personnel policies * * * [do] not apply to her directly because she had the responsibility for administering and implementing said policies, but denies the statement that she was not an employee of the Fairview Nursing Home.

Article VII, Section 1 of the Fairview Bylaws addresses the employment of the administrator, stating:

> The Dodge County Fairview Nursing Home Board appoints the Administrator who serves an indefinite term. The Administrator may be terminated upon a 30 day written notice by either the Board of Directors or the Administrator.

Appellant claims she was not informed of this provision at the time she was hired. She states she became aware of the provision during her employment, and asserts that she did not understand the terminology or consider her employment relationship to be "at-will."

During 1982–83, problems arose regarding appellant's performance as administrator. Appellant concedes that problems arose, but contends that she received no reprimands from the Board prior to her termination. In September 1983, the Board voted unanimously to terminate appellant. A letter was sent requesting her resignation within seven days due to "various problems" attributable to her management of Fairview. Appellant's failure to respond to the letter resulted in her termination. She alleges the Board denied her request for a hearing.

Appellant contends that at the time she was hired, a Board member made oral promises which constitute the terms of an employment contract. Appellant asserts that a Board member told her that she would be terminated only for cause, and promised that she would be accorded the same hearing rights as those set forth in the Fairview Personnel Policies. Appellant

commenced this action in March 1984 for wrongful termination based on breach of the alleged employment contract.

Respondents moved for dismissal for lack of jurisdiction under Minn.R.Civ.P. 12.02 on the basis that appellant failed to invoke the trial court's jurisdiction by a writ of certiorari from the Board's administrative decision. On November 30, 1984, the trial court denied the motion.

On March 20, 1987, the trial court granted respondents' motion for a protective order limiting appellant's discovery to that which can be taken of administrative decision makers. This court denied appellant's petition for a writ of prohibition to overturn the protective order, holding that the Board's termination decision was an administrative decision.

In 1988, appellant commenced age and sex discrimination claims against respondents. On January 9, 1990, the trial court granted respondents' motion for summary judgment on appellant's discrimination claims, but denied the motion as to her wrongful termination claim. On October 24, 1990, the trial court granted respondents' second motion to dismiss for lack of jurisdiction based on appellant's failure to obtain review by a writ of certiorari.

Appellant filed a notice of appeal from the order and judgment of dismissal. Respondents filed a notice of review, arguing that if the dismissal for lack of jurisdiction is reversed, the denial of their motion for summary judgment on appellant's wrongful termination claim should be reversed.

## ISSUES

I. Did the trial court err in dismissing this action for lack of subject matter jurisdiction based on appellant's failure to obtain review by a writ of certiorari?

II. Did the trial court err in denying respondents' motion for summary judgment?

## ANALYSIS

### I.

Appellant argues that the trial court erroneously interpreted and applied

the relevant case law in granting respondents' motion to dismiss for lack of subject matter jurisdiction based on appellant's failure to obtain review by a writ of certiorari. In resolving questions of law, this court need not defer to the trial court. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977). We agree with appellant that the trial court erred in dismissing this action.

The trial court relied on *Dokmo v. Independent School Dist. No. 11*, 459 N.W.2d 671 (Minn.1990), *Lindgren v. City of Crystal*, 295 Minn. 557, 204 N.W.2d 444 (1973), and *Sellin v. City of Duluth*, 248 Minn. 333, 80 N.W.2d 67 (1956) to dismiss this action. We find these cases distinguishable.

The Minnesota Supreme Court determined in *Dokmo* that a writ of certiorari is the exclusive route to obtain judicial review of a school board's decision. *Dokmo*, 459 N.W.2d 671. As stated by the court in *Dokmo*:

> Constitutional principles of separate governmental powers require that the judiciary refrain from a de novo review of administrative decisions. * * * Through certiorari, constitutional guarantees are protected [because] a reviewing court exercises only limited jurisdiction over the decisions of school boards.

*Id.* at 674. Dokmo brought a declaratory judgment action to challenge a school board's denial of her request for reinstatement as a teacher after an extended leave of absence. Because the declaratory judgment action was an incorrect procedure for challenging the school board's decision and because Dokmo failed to petition for certiorari within 60 days of the school board's decision, *see* Minn.Stat. § 606.01 (1988), the supreme court held the district court lacked subject matter jurisdiction to decide the matter.

In the *Lindgren* and *Sellin* cases, also relied on by the trial court, the Minnesota Supreme Court held that a city civil service commission's discharge of a municipal employee is an administrative decision subject to limited judicial review. *See Lindgren*, 295 Minn. at 558, 204 N.W.2d at 445; *Sellin*, 248 Minn. at 338, 80 N.W.2d at 71. The trial court in this case reasoned that an agency decision to terminate an employee is generally an administrative decision subject to limited judicial review, so that the *Dokmo* rationale applies and the only avenue to judicial review available to appellant was by writ of certiorari. We disagree.

Initially, we note that elements of the *Dokmo* rationale apply to this case. Judicial review of the county's decision to terminate appellant is arguably a policy decision of the executive branch, over which the court cannot constitutionally exercise de novo review. *See Sellin*, 248 Minn. 333, 80 N.W.2d 67; *State ex. rel. Ging v. Board of Educ. of Duluth*, 213 Minn. 550, 7 N.W.2d 544 (1942), *overruled in part on other grounds, Foesch v. Independent School Dist. No. 646*, 300 Minn. 478, 223 N.W.2d 371 (1974). Further, the *Dokmo* court's consideration of "practical reasons" for requiring review by certiorari are equally applicable in this case. Specifically, the *Dokmo* court found that the 60–day limitations period for certiorari ensures efficient and less costly processing of claims, thus containing the liability exposure of a governmental entity. *See Dokmo*, 459 N.W.2d at 677.

However, the supreme court's decision in *Dokmo* to dismiss for failure to obtain review by certiorari was in large part premised on the notice given to litigants by its previous, repeated declarations that the appropriate route to judicial review of teacher terminations was by writ of certiorari. *Id.* at 673–74. Further, the *Dokmo* holding, which foreclosed all avenues to judicial review except certiorari, specifically addressed only the limited context of "school cases." *Id.* at 677.

Neither the *Sellin* nor *Lindgren* case declared that certiorari was the exclusive route to judicial review of a civil service commission's discharge of a municipal employee. Moreover, the *Dokmo* rationale has never been explicitly extended to administrative decisions outside the context of school board cases. Thus, notice has not

been given to litigants in cases such as this that review must be sought by certiorari.

We further note that unlike *Dokmo,* in which the applicability of the Teacher Tenure Act was undisputed, the parties in this case dispute whether appellant's employment is even governed by an employment contract. Trial courts have routinely determined de novo whether an alleged contract of employment was formed between a public employee and an administrative body. *See Skramstad v. Otter Tail County,* 417 N.W.2d 124 (Minn.App.1987); *Edwards v. County of Hennepin,* 397 N.W.2d 584 (Minn.App.1986).

Thus, we conclude that the trial court's dismissal of this action was error. The *Dokmo* rationale has not been explicitly extended beyond teacher termination cases, so as to put appellant on notice that the exclusive avenue to judicial review would be by certiorari.

## II.

Respondents filed a notice of review, and argue that if this court reverses the trial court's dismissal, they are entitled to summary judgment on the merits. We disagree.

This court's role in reviewing the trial court's grant or denial of a motion for summary judgment is to determine whether there are any genuine issues of material fact, and whether the trial court erred in its application of the law. *See Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). If there is any doubt as to the existence of a genuine issue of material fact, the doubt must be resolved in favor of finding that a fact issue exists. *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974).

In this case, appellant presented affidavit evidence that a Dodge County commissioner stated during her job interview she would not be terminated except for cause, and that she would be accorded the hearing rights set forth in the personnel policies. Appellant argues these promises constitute the terms of an employment contract agreed to by the parties. Resolving all doubts and inferences in favor of appellant,

we cannot say the trial court erred in denying respondents' motion for summary judgment.

## DECISION

The trial court erred in dismissing this action for lack of subject matter jurisdiction based on appellant's failure to obtain judicial review by a writ of certiorari. Resolving all doubts as to the existence of a material fact issue in favor of the nonmoving party, the trial court did not err in denying respondents' motion for summary judgment.

Affirmed in part, reversed in part and remanded.